UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.:  SACV 12-1061-RGK (MAN)                                     Date: November 21, 2012

Title:  Marianne Stahl v. Garret DeGiorgio, et al.
================================================================================
DOCKET ENTRY:         ORDER TO SHOW CAUSE RE: POSSIBLE DISMISSAL
================================================================================
PRESENT:

       Hon. Margaret A. Nagle, United States Magistrate Judge

       Earlene Carson    N/A
       Deputy Clerk     Court Reporter/Tape No.

ATTORNEYS PRESENT FOR PLAINTIFF:  ATTORNEYS PRESENT FOR DEFENDANTS:

  N/A           N/A

**PROCEEDINGS (In Chambers):**

On June 28, 2012, plaintiffs Marianne Stahl and Val Jean Bureau filed a civil rights complaint in this district ("Complaint"). The Complaint is a revised version of a complaint previously filed by plaintiff Stahl in Case No. SACV 11-00260-RGK (MAN) (the "Prior Action"). The Prior Action was dismissed, without prejudice, for failure to prosecute.

On July 2, 2012, the Court issued its "Order Re Civil Rights Case" ("July 2 Order"). The July Order expressly advised plaintiffs that they: "must serve the summons and complaint on all named defendants in this action within 120 days of the filing date of the Complaint, which was June 28, 2012"; and "are required to file with the Court a proof of service for each defendant served, within 15 days of the completion of service of process for each such defendant." The July 2 Order cautioned plaintiffs that:

> If service is not completed within 120 days of the Complaint's filing date, the Court may dismiss the action in whole or against unserved defendants. Rule 4(m), Federal Rules of Civil Procedure. Service of the summons and complaint must comply with the provisions of Rule 4, Federal Rules of Civil Procedure.

The period for serving the defendants in this case expired on October 26, 2012, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiffs were advised of this deadline by the July 2 Order. No defendant has appeared in this case. Moreover, plaintiffs have not filed a proof service for any defendant, as the July 2 Order required them

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  SACV 12-1061-RGK (MAN)                               Date: November 21, 2012

to do.[1]  Accordingly, the Court assumes that plaintiffs have not served any defendant with process.

Rule 4(m) provides that, if service of the summons and complaint is not made upon a defendant within 120 days of filing the complaint, federal district courts have the authority to *sua sponte* dismiss an action without prejudice, after notice to the plaintiff.  If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the Court must extend the time for accomplishing service.  *Id.*; *see also* Muhammed v. Department of Treasury, 1998 WL 986245, at *3 (C.D. Cal. Nov. 19, 1998).  The burden of establishing good cause is on the plaintiff.  *Id.*, at *4.  The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules."  Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992); *see also* Townsel v. County of Contra Costa, 820 F.2d 319, 320-21 (9th Cir. 1987) (holding that ignorance of Rule 4 is not good cause for untimely service, and affirming a dismissal under Rule 4(m) even though the statute of limitations had run, and thus, the dismissal effectively was with prejudice).

By the July 2 Order, plaintiffs were clearly advised of their obligation to effect service of process within the Rule 4(m) deadline *and* in compliance with Rule 4's requirements.  Moreover, by that same Order, plaintiffs were expressly notified that dismissal of this action might result if they failed to complete service of process within the Rule 4(m) deadline.  Nonetheless, they have failed to meet their obligation.

"Pro se litigants must follow the same rules of procedure that govern other litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); *see also* Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (*per curiam*) (failure of *pro se* litigant to follow procedural rules justified dismissal of civil rights action).  Given the Court's explicit advice to plaintiffs, through the July 2 Order, there is no apparent cause, much less good cause, for plaintiffs' failure to prosecute this action by attempting to serve the defendants.  *See* Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir. 1985) (*per curiam*) (opining that Rule 4(m)'s 120-day time limit "is intended to force parties and their attorneys to be diligent in prosecuting their causes of action," and because plaintiff did not contend that he attempted to serve defendants, was confused about the requirements of service, or was prevented by effecting timely service by factors beyond his control, a dismissal for failure to serve process was justified, even though plaintiff's claim therefore became time-barred).  Indeed, given that the Prior Action was dismissed due to plaintiff Stahl's failure to prosecute, it was incumbent upon her to prosecute this action diligently, which she plainly has not done.  Under these circumstances, there is no apparent basis for extending the expired Rule 4(m) period, and under Rule 4(m), dismissal of this action, without prejudice, is warranted.

Accordingly, **by no later than December 10, 2012**, plaintiffs are **ORDERED TO SHOW CAUSE** why this action should not be dismissed, pursuant to Rule 4(m), based on their failure to serve the defendants with process.

        **Plaintiffs are cautioned that a failure to timely respond to this Order to Show Cause and to**

---

[1]     Indeed, plaintiffs have not filed any document in this case since the June 28, 2012 filing of the Complaint.

MINUTES FORM 11                                                                               Initials of Deputy Clerk _efc____
CIVIL - GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  SACV 12-1061-RGK (MAN)                              Date: November 21, 2012

**establish good cause for their noncompliance with Rule 4(m) will result in a recommendation that this action be dismissed.**

**IT IS SO ORDERED.**