O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MARIANNE STAHL and          ) NO. SACV 12-1061-JGB (MAN)
VAL JEAN BUREAU,            )
                            )
                Plaintiffs, ) ORDER DISMISSING ACTION
                            )
        v.                  )
                            )
GARRETT DEGIORGIO, et al.,  )
                            )
                Defendants. )
_____ )

On June 28, 2012, plaintiffs filed a civil rights complaint ("Complaint"). The Complaint is a revised version of a complaint previously filed by plaintiff Marianne Stahl ("Stahl") in an earlier case in this district, Case No. SACV 11-00260-RGK (MAN) (the "Prior Action").[1] The Prior Action was dismissed, without prejudice, for failure to prosecute after Stahl failed to timely file an amended complaint as ordered by United States District Judge R. Gary Klausner.

_____

[1] The Prior Action Complaint alleged, *inter alia*, a federal civil rights claim arising out of the July 26, 2007 execution of a search warrant at Stahl's home. The instant complaint realleges that claim, adds Val Jean Bureau ("Bureau") as a plaintiff, and adds claims based on a warrantless entry into plaintiff's home on December 31, 2010, and actions that took place at the home on February 29, 2012, which were related to code enforcement.

On July 2, 2012, United States Magistrate Judge Margaret A. Nagle issued an "Order Re Civil Rights Case" ("July 2 Order").  The July Order expressly advised plaintiffs that they:  "must serve the summons and complaint on all named defendants in this action within 120 days of the filing date of the Complaint, which was June 28, 2012"; and "are required to file with the Court a proof of service for each defendant served, within 15 days of the completion of service of process for each such defendant."  The July 2 Order cautioned plaintiffs that:

> If service is not completed within 120 days of the Complaint's filing date, the Court may dismiss the action in whole or against unserved defendants.  Rule 4(m), Federal Rules of Civil Procedure.  Service of the summons and complaint must comply with the provisions of Rule 4, Federal Rules of Civil Procedure.

Thereafter, plaintiffs did not file a proof of service with respect to any defendant, nor did they give any indication that they were prosecuting this case.  No defendant has appeared.  The period for serving the defendants in this case expired on October 26, 2012, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

On November 21, 2012, Magistrate Judge Nagle issued an Order To Show Cause regarding the possible dismissal of this action based on the expiration of the Rule 4(m) deadline and the lack of any evidence that plaintiffs had attempted to serve the defendants with process ("OSC").  The OSC reminded plaintiffs of the Rule 4(m) deadline and the possibility of a dismissal for failure to serve the defendants with

process.  The OSC advised plaintiffs that, if they established good cause for their failure to serve the defendants on a timely basis, this action might not be dismissed, but cautioned them that the failure to do so would cause the case to be dismissed.  In particular, the OSC stated:

> **[B]y no later than December 10, 2012**, plaintiffs are **ORDERED TO SHOW CAUSE** why this action should not be dismissed, pursuant to Rule 4(m), based on their failure to serve the defendants with process.
>
> **Plaintiffs are cautioned that a failure to timely respond to this Order to Show Cause and to establish good cause for their noncompliance with Rule 4(m) will result in a recommendation that this action be dismissed.**

(OSC at 2; emphasis in original.)

On December 14, 2012, plaintiffs filed a response to the OSC ("Response").  The Response addresses complaints about what appear to be code enforcement activities related to Stahl's home.[2]  The Response is entirely devoid of *any* explanation for plaintiffs' failure to attempt to serve the defendants with process in this case.

---

[2]    The Court takes judicial notice that, on August 2, 2012, Stahl and Bureau filed a Notice of Removal with respect to an Orange County Superior Court action brought by the City of Dana Point against Stahl (but not Bureau) to appoint a receiver to take possession of Stahl's home due to her alleged failure to comply with notices and orders to repair based on violations of state and local laws.  *See* Case No. SACV 12-1247-CJC (RNBx).  On October 10, 2012, United States District Judge Cormac J. Carney remanded the case to state court.

Rule 4(m) provides that, if service of the summons and complaint is not made upon a defendant within 120 days of filing the complaint, federal district courts have the authority to *sua sponte* dismiss an action without prejudice, after notice to the plaintiff.  If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the Court must extend the time for accomplishing service.  Fed. R. Civ. P. 4(m); *see also* <u>Muhammed v. Department of Treasury</u>, 1998 WL 986245, at *3 (C.D. Cal. Nov. 19, 1998).  The burden of establishing good cause is on the plaintiff.  *Id.*, at *4.  The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules."  <u>Hamilton v. Endell</u>, 981 F.2d 1062, 1065 (9th Cir. 1992); *see also* <u>Townsel v. County of Contra Costa</u>, 820 F.2d 319, 320-21 (9th Cir. 1987) (holding that ignorance of Rule 4 is not good cause for untimely service and affirming dismissal under Rule 4(m), even though the statute of limitations had run, and thus, the dismissal effectively was with prejudice).

By the July 2 Order, plaintiffs were clearly advised of their obligation to effect service of process within the Rule 4(m) deadline *and* in compliance with Rule 4's requirements.  Moreover, by that same Order, plaintiffs were expressly notified that dismissal of this action could occur if they failed to complete service of process within the Rule 4(m) deadline.  The subsequent OSC confirmed this advice and, further, explicitly advised plaintiffs that, if they want this action to continue, they were required to establish good cause for their failure to effect service of process within the Rule 4(m) deadline in their response to the OSC.  Plaintiffs have ignored this repeated advice and

4

have failed to provide any cause -- much less good cause -- for their failure to prosecute this action by serving the defendants.

"Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); see also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(per curiam)(failure of pro se litigant to follow procedural rules justified dismissal of civil rights action).  Given the explicit advice provided to plaintiffs through the July 2 Order and the OSC, and the non-responsive submission filed following the Court's issuance of an OSC, there is no apparent cause for plaintiffs' failure to prosecute this action by attempting to serve the defendants.  See Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir. 1985)(per curiam)(opining that Rule 4(m)'s 120-day time limit "is intended to force parties and their attorneys to be diligent in prosecuting their causes of action," and because plaintiff did not contend that he attempted to serve defendants, was confused about the requirements of service, or was prevented by effecting timely service by factors beyond his control, a dismissal for failure to serve process was justified, even though plaintiff's claim therefore became time-barred).  Indeed, given that the Prior Action was dismissed due to plaintiff Stahl's failure to prosecute, it was incumbent upon her to prosecute this action diligently, which she has not done.  Under these circumstances, there is no basis for extending the expired Rule 4(m) period, and under Rule 4(m), dismissal of this action, without prejudice, is warranted.

///

///

///

1    Accordingly, IT IS ORDERED that Judgment be entered dismissing this

2  action, without prejudice, for failure to effect service of process in

3  compliance with Rule 4(m) of the Federal Rules of Civil Procedure.

4

5  DATED: February 25, 2013.

6                                                    _____
                                                      JESUS G. BERNAL
7                                                    UNITED STATES DISTRICT JUDGE

8

9  PRESENTED BY:

10

11  _____
      MARGARET A. NAGLE
12  UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6